**BOARD OF PROFESSIONAL RESPONSIBILITY,** Petitioner,

v.

**John L. VIDAKOVICH, Respondent.**

No. D–89–18.

Supreme Court of Wyoming.

Sept. 9, 1991.

Randal R. Arp, Wyoming State Bar, Cheyenne, for petitioner.

John L. Vidakovich, pro se.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## ORDER OF DISBARMENT

URBIGKIT, Chief Justice.

The Board of Professional Responsibility of the Wyoming State Bar on August 13, 1991 presented to this Court its Report of Findings of Fact, Conclusions of Law and Recommendations, charging the above-named respondent-attorney, regularly admitted to the practice of law in the state of Wyoming, with professional misconduct. Automatic review and final decision is required of this Court by Wyo. Const. art. 2, § 1 and art. 5, § 2; W.S. 5–2–118 and Rule VI(b)(4) and (h), Disciplinary Code for the Wyoming State Bar. After consideration thereof, the Court, by clear and convincing evidence, finds:

The respondent-attorney was convicted of three felonies arising from activities pursued in the practice of law, which conduct involved misapplication of funds, false entry in bank records and obstruction of justice.

Following conviction, a suspension order was issued by this Court dated November 28, 1989. This Court referred the matter to the Wyoming State Bar Board of Professional Responsibility for formal disciplinary proceedings as provided by Rules XVI and VI of the Disciplinary Code for the Wyoming State Bar.

After a hearing and the receipt of evidence, the Board of Professional Responsibility made its Report of Findings of Fact, Conclusions of Law and Recommendations to this Court. The Report of Findings of Fact, Conclusions of Law and Recommendations is attached hereto and incorporated in haec verba as Appendix A.

Having reviewed the record, briefs and memoranda, the Court further finds that the record sustains factually and justifies legally the Report of Findings of Fact, Conclusions of Law and Recommendations of the Board of Professional Responsibility and determines that the recommended disbarment from the practice of law is appropriate under Rule 8.4, Rules of Professional Conduct for Attorneys at Law.

ORDERED;

1. John L. Vidakovich is disbarred as a member of the Wyoming State Bar pursuant to his license to practice law, and costs incurred in this proceeding of $835.52 are assessed for repayment to the Wyoming State Bar Board of Professional Responsibility.

2. The entry date for this decision is the date hereof. Since respondent has been

under suspension since conviction by order of November 28, 1989, the effective date for disbarment for purposes of reinstatement is November 28, 1989 and, for any other purpose, will be the date of execution and filing of this order.

3. Respondent-attorney is advised that he may not apply for reinstatement until the expiration of at least five (5) years from the effective date of the disbarment pursuant to Rule XXII(a) of the Disciplinary Code for the Wyoming State Bar. In the event that application should be made in the future, it will not be accepted until restitution of costs and expenses have been made and any other requirements then in effect for re-examination or continuing legal education have been satisfied.

4. The clerk of this Court shall docket the Report of Findings of Fact, Conclusions of Law and Recommendations, and all supporting papers of the Board of Professional Responsibility, as well as this Order as a matter coming regularly before this Court as a public record.

*APPENDIX A*

State of Wyoming

ss.

County of Laramie

Before the Board of Professional Responsibility

Wyoming State Bar

State of Wyoming

In the Matter of

John L. Vidakovich, Respondent.

Docket No. (34–89)

REPORT OF FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS

Filed Aug. 13, 1991.

COMES NOW the Board of Professional Responsibility of the Wyoming State Bar and hereby files its report in the above-captioned matter.

On June 18, 1991, a hearing was held in the conference room of the office of the Wyoming State Bar, Cheyenne, Wyoming. Committee members present at the hearing were Joseph E. Vlastos, Chairman, James L. Edwards, Michael H. McCarty, Herb Carter, Mary Flitner and Timothy O. Beppler. Appearing on behalf of the Wyoming State Bar was Randal R. Arp. The Respondent's attorney, David B. Hooper, filed a notice of withdrawal which was dated June 13, 1991 and filed on June 14, 1991. The Respondent, John L. Vidakovich, appeared *pro-se* by telephone speaker. At the outset of the hearing, the Board of Professional Responsibility treated the notice of withdrawal as a motion and granted the withdrawal of Mr. Hooper.

Due to telephone difficulties in the conference room, the call was placed by the Board to the Respondent.

As a preliminary matter, the Board denied the Respondent's request that the proceeding be suspended and the Board reserved ruling on the other documents filed June 14, 1991 and June 18, 1991 by the Respondent.

The Board of Professional Responsibility then proceeded with the hearing. The Board of Professional Responsibility, after having reviewed the official file, the testimony of the witness and the evidence presented at the hearing, and after having otherwise reviewed the matter, does hereby make the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. Respondent is a member of the Wyoming State Bar licensed to practice law who formerly maintained an office in Jackson, Wyoming (Complaint para. 1; Answer para. 1).

2. The Respondent was admitted to the Wyoming State Bar in 1965 (Tr. 14–22). The Respondent originally practiced in Lander and thereafter had offices in Denver, Colorado, Jeffrey City, Riverton, Lander and Cheyenne. The Respondent had an extensive law practice before his problems (Tr. 15–1 through 10).

3. On May 18, 1989, Respondent pled guilty to three felony counts. The judgment and probation/commitment order was entered by the court on November 20, 1989 after defendant's appearance before the court on November 15, 1989 (Complaint para. 2; Answer para. 2).

4. On November 28, 1989, the Wyoming Supreme Court entered its ORDER OF SUSPENSION FROM THE PRACTICE OF LAW regarding the Respondent. The order referred the matter to the Grievance Committee (now Board of Professional Responsibility) for formal disciplinary proceedings.

5. The Respondent did not comply with the affidavit and notification procedure set forth in Rule XX(f) of the Disciplinary Code of the Wyoming State Bar (Answer para. 4; official record).

6. The Respondent was the chairman of the board and the major shareholder of the Yellowstone State Bank, an institution which failed and was subsequently taken over by the Federal Deposit Insurance Corporation (Tr. 15–12; Exhibit A). The Respondent pled guilty in United States District Court for the District of Wyoming to misapplication of funds, false entry in bank records and obstruction of justice (Tr. 15–18; Exhibit A).

7. The Respondent was represented by an attorney in these proceedings through June 18, 1991. The Respondent had the opportunity to have witnesses appear and the opportunity to appear himself and participate by telephone (official record, official transcript). Notice of the hearing was mailed to the Respondent and his counsel of record at their addresses of record on May 23, 1991 (official record).

8. The Respondent directly appealed his guilty pleas and judgment of conviction to the United States Circuit Court of Appeals and, in turn, to the United States Supreme Court (Tr. 17–7, Exhibit 2, Exhibit A). Certiorari was denied by the United States Supreme Court (Exhibit A).

9. The Respondent anticipates making collateral attacks in the future, probably August 1991. The Respondent is awaiting the outcome of a parole hearing before filing for further relief (Tr. 8–14, 12–22, 13–6, 18–8). The Respondent intends to pursue further post-conviction relief under Title 28 United States Code, Section 2255 (Tr. 13–6 through 11).

10. The Respondent had a direct appeal of his guilty pleas and conviction (Tr. 13–9, 17–7, Exhibit A).

11. No Section 2255 motion has been filed as of the date of the disciplinary hearing on June 18, 1991.

12. The Disciplinary Code does not specify as a type of sanction a "consent decree" or voluntary withdrawal or surrender of license in the face of a pending disciplinary proceeding and possible sanctions. The jurisdiction of the Board of the Professional Responsibility might very well be removed by permitting a voluntary withdrawal or surrender of license when disciplinary proceedings or investigations are pending.

13. The costs and expenses incurred in this grievance proceeding total $_____. Respondent was notified of the costs and expenses of the proceedings and no objection thereto was received from Respondent (Affidavit of Costs and Expenses, official Board file).

14. Pursuant to Rule XXIII of the Disciplinary Code, the costs are reasonable and necessary and should be assessed against the Respondent as part of these proceedings.

15. The Board of Professional Responsibility finds that Bar Counsel's Exhibits A through G should be admitted but that Bar Counsel's Exhibit H should not be admitted. The Board of Professional Responsibility finds that Respondent's Exhibits 1 and 2 should be admitted.

## CONCLUSIONS OF LAW

1. The Board has jurisdiction of this matter pursuant to Rule I of the Disciplinary Code for the Wyoming State Bar.

2. By reason of conviction of three felony counts consisting of misapplication of funds, false entry in bank records and obstruction of justice, Respondent has violat-

ed Rules 8.4(b) and 8.4(c) of the Rules of Professional Conduct promulgated by the Wyoming Supreme Court.

3. Rule 8.4(b) provides as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

4. Rule 8.4(c) provides as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation....

5. Pursuant to Rule XVI(c) of the Disciplinary Code of the Wyoming State Bar, the certified copy of the judgment of conviction is conclusive evidence that the Respondent committed the crime set forth therein.

6. The Respondent's anticipatory appeal pursuant to Title 28 United States Code, Section 2255 is not a direct appeal of his conviction; direct appeal by the Respondent has taken place and the language of Disciplinary Code Section XVI(d) providing that sanction hearings shall not take place until all appeals are concluded refers to direct appeals. There is no good reason for suspending or delaying the proceedings.

7. A voluntary surrender or withdrawal of license would be improper in the face of a pending disciplinary proceeding and sanctions.

8. The Respondent has had the opportunity to appear, present witnesses and exhibits and otherwise contest and defend the sanction phase of this proceeding as set forth in the Disciplinary Code.

9. Bar Counsel's Exhibits A through G are admitted; Bar Counsel's Exhibit H is not admitted. The Respondent's Exhibits 1 and 2 are admitted.

The Board of Professional Responsibility, based upon the foregoing findings of fact and conclusions of law, and further based upon a review of the ABA Standards for Imposing Lawyer Sanctions, makes the following recommendations to the Wyoming Supreme Court with respect to John L. Vidakovich, Respondent.

Section 5.0, "Violations of Duties Owed to the Public" is applicable. Pursuant to Section 5.11, disbarment is generally appropriate when: "(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft ... or an attempt or conspiracy or solicitation of another to commit any of these offenses"; or "(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice."

As noted in the commentary contained under Section 5.1, most courts impose disbarment on lawyers who are convicted of serious felonies.

The Board of Professional Responsibility finds the following aggravating factors in regard to this disciplinary matter:

1. Substantial experience in the practice of law.
2. An intentional or willful state of mind.
3. A dishonest, selfish motive.
4. A failure to comply with the Disciplinary Code Rule XX affidavit and notification procedure upon suspension.
5. A refusal to acknowledge wrongful nature of his conduct.

The following factors constitute mitigation:

1. Lack of prior misconduct.

Aside from the testimony of the Respondent, no additional witness tendered testimony of good character and reputation was presented at the hearing.

As noted in the ABA Standards, overwork, poor business practices and reliance

on others should not be considered in aggravation or mitigation.

It is the recommendation of the Board of Professional Responsibility, in view of the seriousness and type of offenses for which Respondent was convicted, and weighing the factors of aggravation and mitigation as set forth at the hearing, that the Respondent be disbarred. The Board of Professional Responsibility has attached hereto its certification of the costs and expenses incurred in connection with the investigation and disciplinary proceeding, and recommends to the Court the assessment of the costs so certified in the amount of $835.52 against the Respondent. Respondent should be advised that a person who has been disbarred after hearing may not apply for reinstatement until the expiration of at least five (5) years from the effective date of the disbarment pursuant to Disciplinary Code Rule XXII(a). Should Respondent make such application in the future, application should not be permitted until such time as restitution of costs and expenses has been made. The Board further recommends that any order imposed by the Court specify an entry date and an effective date.

The foregoing Report Of Findings Of Fact, Conclusions Of Law And Recommendations (with exception of costs and expenses) were adopted by the Board unanimously in conference on June 18, 1991. Costs and expenses were certified following notice, opportunity to contest and lack of objection thereto. There were no dissenting or minority views.

DATED this 13 day of August, 1991.

/s/ Joseph E. Vlastos
Joseph E. Vlastos
Chairman
Board of Professional Responsibility
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003
(307) 632–9061